# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VICTOR VERNORD ROSE,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 10-131-JHP-KEW |
| **MIKE MULLIN, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his conviction in Carter County District Court Case Number CF-2004-684B for Second Degree Burglary, After Former Conviction of Two or More Felonies.

The respondent has filed a motion to dismiss, alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on June 13, 2007, petitioner entered a guilty plea in Carter County District Court Case No. CF-2004-648B. On June 20, 2007, he filed a motion to withdraw the plea, and the motion was denied on August 2, 2007. Petitioner next filed a notice of intent to appeal to the Oklahoma Court of Criminal Appeals (OCCA), but the attempted appeal was dismissed as untimely on October 11, 2007. On October 16, 2007, he filed an application for post-conviction relief, seeking an appeal out of time, but the trial court denied the application on November 6, 2007. Petitioner appealed to the OCCA, and on February 29, 2008, the OCCA granted him permission to pursue an appeal of the trial court's denial of his motion to withdraw guilty plea through no fault of his own. The OCCA, however, subsequently affirmed the trial court's denial of petitioner's motion to withdraw his guilty plea. *Rose v. State*, No. C-2008-246 (Okla. Crim. App. Aug. 27, 2008). Because petitioner did not appeal the OCCA's decision to the United States Supreme Court, his conviction became final 90 days later on November 25, 2008. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007). Therefore, petitioner's deadline for filing a federal petition for a writ of habeas corpus was November 25, 2009. *See* 28 U.S.C. § 2244(d)(1)(A).

On March 24, 2009, before the one-year limitations period expired, petitioner filed an application for post-conviction relief in the Carter County District Court. The district court denied the application on April 1, 2009, and the OCCA affirmed on May 28, 2009. *Rose v. State*, No. PC-2009-395 (Okla. Crim. App. May 28, 2009). The 66 days that the post-conviction proceedings were pending extended petitioner's deadline to January 30, 2010. *See Maloney v. Poppel*, No. 98-6402, 1999 WL 157428, at *1 n.1 (10th Cir. March 23, 1999) (unpublished) (finding that "tolling calculations should take into account both the day tolling began and the day tolling ended"). This habeas petition, filed on April 14, 2010, was untimely.

Petitioner argues in his response to the motion to dismiss that the limitations period has not expired, because equitable tolling "is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control" [Docket #10 at 2-3]. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available, "but only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (footnote omitted). Here, the court finds petitioner has failed to meet his burden of showing equitable tolling is warranted.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 18th day of February 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma